**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUPERIOR ENERGY SERVICES, LLC, | No. 14-15009 |
| Petitioner - Appellant, | D.C. No. 4:13-cv-02056-PJH |
| v. | |
| CABINDA GULF OIL COMPANY LIMITED, a Bermudian corporation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted February 11, 2016
San Francisco, California

Before: SCHROEDER and NGUYEN, Circuit Judges and ADELMAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

Superior Energy Services, LLC ("Superior") appeals the district court's judgment denying Superior's petition to compel arbitration. California law applies.

Superior provided personnel and equipment to Cabinda Gulf Oil Company Limited ("Cabinda") for oil explorations off the coast of Angola. Because of the requirements of Angolan law, however, Cabinda could not contract directly with Superior, so it instead contracted with an Angolan intermediary, Operatec Maquinas e Representacoes Limitada ("Operatec"). Operatec then immediately entered into a subcontract with Superior for the performance of all the work. Operatec's role was to process payments from Cabinda to Superior.

When a payment dispute arose between Superior and Operatec, Superior learned Operatec had not received the payments from Cabinda. This litigation arose out of Superior's efforts to arbitrate the dispute with Cabinda by invoking the arbitration clause in Cabinda's contract with Operatec. The district court denied the petition to compel arbitration.

The district court erred in rejecting Superior's contention that it was an intended third-party beneficiary of the Cabinda-Operatec contract. The district court relied on a California Supreme Court case holding that where a subcontractor was listed by mistake in the general contract, and the parties never intended that

subcontractor to do the work, the subcontractor was not an intended third-party beneficiary of the general contract. *Southern Cal. Acoustics Co. v. C. V. Holder, Inc.*, 456 P.2d 975, 982 (Cal. 1969).

Here, however, as the district court's own recitation of the factual background demonstrates, the contracting parties intended for Superior to do all the work and the payments would go to Superior through Operatec. Cabinda only contracted with Operatec in order to comply with Angolan law, and Operatec acted solely as an intermediary.

The more relevant, and controlling, California authority is *Outdoor Services, Inc. v Pabagold, Inc.*, 230 Cal. Rptr. 73 (Cal. Ct. App. 1986), where the contracting parties intended for the payments to go to the third party and the court permitted the third party to enforce the arbitration clause as a third-party beneficiary. Superior therefore should be regarded as an intended third-party beneficiary of the main contract and entitled to enforce its arbitration clause.

We need not address Superior's other contentions.

**REVERSED** and **REMANDED** for entry of an order compelling arbitration.